IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **MMR CONSTRUCTORS, INC.** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**JACKSON COUNTY** )<br>**INDUSTRIAL** )<br>**DEVELOPMENT AUTHORITY** )<br>)<br>Defendant. | Case No. 2:22-CV-88-RWS<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

The Plaintiff, MMR Constructors, Inc. ("MMR"), by and through its counsel, states as follows for its Complaint:

## PARTIES

1. MMR is a Louisiana corporation with its principal place of business in Baton Rouge, Louisiana. MMR is authorized to do business and does business in the State of Georgia.

2. Defendant, Jackson County Industrial Development Authority ("JCIDA"), is a development authority that is a public body, a citizen and instrumentality of the State of Georgia and a public corporation. Service may be accomplished by serving its Chairman and Members, and/or its officers.

1

## JURISDICTION AND VENUE

3. This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action involving an amount in controversy exceeding $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because there is complete diversity of citizenship and because JCIDA resides in Georgia.

5. This Court has personal jurisdiction over JCIDA.

## COUNT ONE
## ACTION FOR FAILURE TO OBTAIN PAYMENT BOND

6. MMR incorporates all preceding paragraphs as if fully set forth herein.

7. JCIDA owns the property located at 1760 Steve Reynolds Industrial Parkway, Jackson County, Georgia (the "Property").

8. SK Battery America Inc. ("SKBA"), a non-party, is the owner of a long-term leasehold interest in the Property and/or Project and has an option to purchase. Upon information and belief, SKBA hired Industrial Project Innovation, LLC ("IPI"), a non-party, to serve as its general contractor to construct the project known as the SK Battery America, Inc. Project in Jackson County, Georgia (the "Project"), which is located on the Property.

9. IPI subcontracted MMR to perform certain electrical instrumentation work (the "Work") on the Project. In exchange for MMR's performance of the Work, IPI agreed to and was obligated to pay MMR.

10. MMR completed all its obligations to IPI and SKBA or the same have been waived, excused or substantially completed.

11. The value of the Work MMR provided greatly exceeds $100,000.00, as does the value of the public works contract.

12. IPI failed to pay MMR for the Work it completed on the Project. There remains due and owing to MMR an unpaid principal balance of not less than $325,844.06. This claim became due on March 29, 2021, and MMR is entitled to interest at the statutory rate from March 30, 2021, until the present.

13. All conditions precedent to MMR's entitlement to payment have been met, waived, occurred, or excused.

14. In the alternative to paragraph 9, if JCIDA produces any evidence of any unmet precondition, MMR shall seek adequate time to allow fulfillment of any such condition.

15. JCIDA is indebted to and owes MMR the principal amount of $325,844.06 plus prejudgment interest, plus attorney's fees and litigation expenses pursuant to O.C.G.A. § 13-6-11 because JCIDA has caused MMR unnecessary

trouble and expense in filing this suit. Furthermore, on information and belief, JCIDA acted in bad faith by awarding a substantial public works contract without obtaining and/or requiring a payment bond for MMR's protection as required under O.C.G.A. § 36-91-90, *et seq*.

16. On information and belief, JCIDA failed to ensure a payment bond was taken on this Project.

17. JCIDA is liable under Georgia law for IPI's nonpayment because it was required to obtain a payment bond for this Project. O.C.G.A. § 36-91-91; *see City of Atlanta v. United Elec. Co.*, 414 S.E.2d 251 (Ga. Ct. App. 1991); *see also* O.C.G.A. §§ 13-10-60, 13-10-61, 13-10-63.

18. MMR is a claimant within the terms of the Georgia law and had a direct agreement to perform work with the contractor, IPI.

19. MMR has placed JCIDA on notice by letter and Claim of Lien. MMR has made demand in writing for payment.

20. MMR believes that JCIDA failed to obtain and/or failed to require any payment bond on the Project.

21. JCIDA is liable to MMR for the principal amount of $325,844.06 or such other amount as may be found by a trier of fact pursuant to O.C.G.A. § 36-91-91, plus prejudgment interest and attorney's fees under O.C.G.A.§ 13-6-11, because

JCIDA has put MMR to unnecessary trouble and expense in filing this suit and because JCIDA acted in bad faith by letting a substantial public works contract without obtaining and/or requiring a payment bond for MMR's protection.

## JURY DEMAND

22. MMR demands a jury of twelve (12) to hear this cause of action.

## PRAYER FOR RELIEF

**WHEREFORE,** MMR prays that the Court grant the following relief:

1. For judgment in such sum as may be found by a jury;

2. For trial by jury;

3. For interest and attorneys' fees;

4. For costs; and

5. Such other, further relief to which it may be entitled.

DATED: April 29, 2022.

        /s/ Keith S. Anderson
Keith S. Anderson (GA Bar No. 136246)
J. Christopher Selman (GA Bar No. 318885)
BRADLEY ARANT BOULT
CUMMINGS, LLP
One Federal Place
1819 5th Ave. N.
Birmingham, AL 35203
P: (205) 521-8000
F: (205) 521-8800
kanderson@bradley.com
cselman@bradley.com

*Attorneys for Plaintiff, MMR Constructors, Inc.*